UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GONZALEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>R. C. JOHNSON, Warden,<br><br>　　　　　Respondent. | Case No. CV 19-5318 DSF (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

In his Objections, Petitioner requests an evidentiary hearing. Section 2254(e)(2), which governs evidentiary hearings under AEDPA, provides in relevant part that when a habeas petitioner failed to develop the factual basis of a claim in state court, a federal district court may not hold an evidentiary hearing unless the claim relies on a new rule of constitutional law made retroactive on collateral review or is based on a factual predicate that could not have been previously discovered through the exercise of due diligence, and

"the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). However, if a state court adjudicated the prisoner's claim on the merits, the Supreme Court instructs that habeas review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181. "[E]vidence later introduced in federal court is irrelevant to §2254(d)(1) review." *Id.* at 184.

Petitioner does not attempt to identify any specific facts that he was unable to develop in state court that would warrant an evidentiary hearing under § 2254(e)(2). Instead, he argues that certain facts long known to him, such as his hearing impairment, were not presented to the jury. However, even if Petitioner had identified new facts he was unable to develop in state court, to the extent that the Petition contains any claims cognizable on federal habeas review, they were adjudicated on the merits in state court. Accordingly, review of those claims is limited to the state court record. Finally, even if Petitioner's claims had not been adjudicated on the merits, an evidentiary hearing would be unnecessary because the instant claims are all resolvable on the current record. *See Cook v. Kernan*, 948 F.3d 952, 971 (9th Cir. 2020) ("If the record contains a sufficient factual basis that 'refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.'") (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)); *see also Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000) ("[T]he fact that a hearing would be permitted does not mean that it is required. The district court retains discretion whether to hold one."). Accordingly, Petitioner's request for an evidentiary hearing is denied.

IT IS ORDERED that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his current address of record and on counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 1, 2021

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

3